IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01203-PAB-BNB

KEM KERSHAW,

Plaintiff,

v.

TERRY MAKETA,
EL PASO COUNTY CRIMINAL JUSTICE CENTER, and
CORRECTION HEALTH CARE MANAGERS,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **County Defendants' Motion to Dismiss Complaint . . .** [Doc. #29, filed 07/20/2009] (the "Motion"), brought by defendants El Paso County Sheriff Terry Maketa and the El Paso County Criminal Justice Center. I respectfully RECOMMEND that the Motion be DENIED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488,

493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his amended Prisoner Complaint on June 1, 2009 [Doc. #8] (the "Complaint"). At all times pertinent to the allegations of the Complaint, he was incarcerated at the El Paso County Criminal Justice Center ("CJC"). The Complaint contains the following allegations:

1.  The plaintiff was booked into the CJC on March 24, 2009. At that time, the plaintiff informed the Medical Department that he had been suffering from advanced prostate cancer for almost three years and was just about to receive treatment and/or surgery before he was arrested. *Complaint*, p. 3.[1]

2.  Over the next 60 days, the plaintiff had the medical records from his primary cancer physician sent to the CJC Medical Department. Id.

3.  The plaintiff was seen by three doctors who were employed by defendant Correctional Healthcare Managers and were working at CJC. He was told that neither CJC nor Correctional Health Care Managers would pay for the cost of treatment or surgery. Id.

---

[1] The Complaint is not consecutively paginated. Therefore, I cite to the page numbers of the Complaint as they are assigned by the court's docketing system.

4. The plaintiff attempted to obtain a medical release furlough, but it was denied. Id.

5. The plaintiff's doctor from the Rocky Mountain Cancer Center "wrote and express the need for Plaintiff to receive treatment right away before the cancer spread and becomes incurable." Id. [2]

6. The plaintiff submitted five kites which asked what the CJC Medical Department "was going to do to treat Plaintiffs cancer." Id. at p. 4. Each time, he was "physically taken to talk with a Doctor, Provider, or Nurse." Id. Each time, he was "told that there was nothing Correctional Healthcare Managers or their employees would or could do to treat Plaintiffs cancer. And besides El Paso County Sheriff and the Criminal Justice Center refuses to pay the cost of such treatment and or surgery." Id.

7. The plaintiff claims that he is experiencing "increasingly stronger pain," including pain, burning, and bleeding "of and in the colon (prostate area)." Id. at p. 5. The plaintiff claims to be experiencing increasing fatigue and fevers. Id. The doctors at the Rocky Mountain Cancer Center indicated that these symptoms "may be a sign that Plaintiffs cancer may have progressed out of the prostate and mastestasis to another location on Plaintiffs body thereby becoming incurable resulting in terminal cancer of the bones." Id.

8. In February 2009, the plaintiff received an MRI and a bone density scan at Colorado Springs Memorial Hospital. At that time, the cancer was still confined to the prostate. Because the plaintiff's PSA test results were becoming higher, the doctors at the Cancer Center said that immediate treatment or surgery was of great importance. Id.

---

[2] I have quoted from the Complaint verbatim without any attempt to identify or correct errors.

3

9. "This and more is all known" by defendants Maketa, CJC, and Correctional Healthcare Managers. Id.

The Complaint asserts one claim for violation of the plaintiff's Eighth Amendment rights. The plaintiff seeks injunctive relief in the form of treatment; a restraining order to prevent retaliation; and compensatory and punitive damages. Id. at pp. 7-8.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Claim Against Sheriff Maketa

Defendant Maketa asserts that he is entitled to qualified immunity. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors. I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional

4

right. In addition, I must inquire whether the right was clearly established at the time of the violation. Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[3]

The plaintiff asserts that the defendants have been deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).    The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The sole allegation contained in Claim One against Maketa is "[t]his and more is all known by Terry Maketa . . . ." *Complaint*, p. 5. However, in his description of the parties, the

---

[3]The order in which I may consider these factors is discretionary. Pearson v. Callahan, __ U.S. __, __, 129 S. Ct. 808, 818 (2009); Manzanares v. Higdon, 2009 WL 2430643 *3 n.6 (10th Cir. Aug. 10, 2009).

plaintiff states that he sent a letter to the Sheriff's Office addressed to Terry Maketa; the letter explained the details of the plaintiff's cancer; and Maketa denied medical treatment for the cancer. Id. at p. 2, ¶ 2. These allegations are sufficient to allege that Maketa was deliberately indifferent to the plaintiff's serious medical needs. Moreover, a prisoner's right to be free from deliberate indifference to serious medical needs was established long before Maketa's alleged refusal to treat the plaintiff. Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825 (1994). The Motion should be denied insofar as it seeks dismissal of the claim against Maketa.

### B.  Claim Against the El Paso Criminal Justice Center

The defendants assert that the claim against CJC must be dismissed because CJC is not a legal entity and therefore lacks the capacity to be sue or be sued.[4] *Motion*, p. 5. The defendants assert that sheriffs are delegated "charge and custody" of the inmates and jails in the county pursuant to § 30-10-511, C.R.S.,[5] and "[i]t logically follows that the sheriff is the legal entity responsible for behavior of deputies." Id.

The El Paso County Sheriff's Department is not an entity separate from El Paso County and is not a person under 42 U.S.C. § 1983. See Stump v. Gates, 777 F. Supp. 808, 814-16 (D.

---

[4] Citing Jenkins v. Estate of Thomas, 800 P.2d 1158, 1359 (Colo.App. 1990), the defendants assert that this issue implicates the court's subject matter jurisdiction. *Motion*, p. 5. In their reply, the defendants acknowledge the holding in Jenkins was abrogated by Currier v. Sutherland, 218 P.3d 709 (Colo. 2009) (holding that "a party's lack of capacity to sue or be sued has no bearing upon a court's subject matter jurisdiction over the case"). *County Defendants' Reply to Response to Motion to Dismiss Complaint* [Doc. #70] (the "Reply"), p. 3.

[5] Section 30-10-511, C.R.S., provides that "the sheriff shall have charge and custody of the jails of the county, and of the prisoners in the jails, and shall supervise them himself or herself or through a deputy or jailer."

Colo.1991), aff'd, 986 F.2d 1429 (10th Cir.1993) (stating that "[u]nder Colorado law municipalities and counties, not their various subsidiary departments, exist as 'bodies corporate and politic' empowered to 'sue and be sued,'" citing sections 31-15-101(1)(a) and 30-11-101(1)(a), C.R.S.)[6]  Id. at 816.  Thus, I construe the plaintiff's claim against CJC as asserted against El Paso County.

In Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.  A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.  Id. at 690.  A custom is a "persistent and widespread ... practice[] of ... officials."  Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The Complaint alleges that the plaintiff was repeatedly told by CJC Medical Department employees that there was nothing they could or would do to treat his cancer and that CJC would not pay for the cost of treatment or surgery.  Liberally construed, the plaintiff alleges that he was denied any treatment for his cancer based on a decision officially adopted and promulgated by the entities' officers, in violation of the Eighth Amendment.  These allegations are sufficient to

---

[6]Section 31-15-101(1)(a) provides that municipalities "[s]hall be bodies politic and corporate, under such name as they are organized" and "[m]ay sue and be sued."  Section 30-11-101(1)(a) provides that [e]ach organized county with in the state shall be a body corporate and politic and as such shall be empowered for the" purpose to "sue and be sued."

survive a motion to dismiss. The defendants' Motion should be denied insofar as it seeks dismissal of the claim against El Paso County.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be DENIED.

I further RECOMMEND that El Paso County be substituted for the El Paso County Criminal Justice Center as a defendant and that the caption be amended to reflect this substitution.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated January 19, 2010.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge