IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01203-PAB-BNB

KEM KERSHAW,

Plaintiff,

v.

TERRY MAKETA,
EL PASO COUNTY CRIMINAL JUSTICE CENTER, and
CORRECTION HEALTH CARE MANAGERS,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

By an amended minute order [Doc. # 80, filed 1/21/2010], this case was set for a preliminary scheduling conference to occur on February 8, 2010, at 1:30 p.m. The plaintiff, who is proceeding *pro se*, was granted leave to appear at the scheduling conference telephonically. Defendants' counsel appeared for the scheduling conference as required, but the plaintiff neither appeared nor contacted the court. As a consequence, I ordered the plaintiff to show cause, in writing and on or before February 22, 2010, why the case should not be dismissed for lack of prosecution and failure to comply with my order setting the matter for a preliminary scheduling conference. Order to Show Cause [Doc. # 81, filed 2/8/2010]. The plaintiff has not responded to the Order to Show Cause.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for lack of prosecution or for failure to
> comply with these rules, the Federal Rules of Civil Procedure, or
> any court order. If good cause is not shown within the time set in

>   the show cause order, a district judge or a magistrate judge
>   exercising consent jurisdiction may enter an order of dismissal
>   with or without prejudice.

The plaintiff has abandoned the action.

I respectfully RECOMMEND that the action be dismissed for lack of prosecution and failure to comply with my order setting the preliminary scheduling conference [Doc. # 80] and my Order to Show Cause [Doc. # 81].

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 1, 2010.

>                    BY THE COURT:
>
>                     s/ Boyd N. Boland
>                    United States Magistrate Judge