IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Case No. 09-cv-01203-PAB-BNB

KEM KERSHAW,

 Plaintiff,

v.

TERRY MAKETA,
EL PASO COUNTY CRIMINAL JUSTICE CENTER, and
CORRECTION HEALTH CARE MANAGERS,

 Defendants.

_____

## ORDER
_____

  This matter is before the Court on two Recommendations of United States Magistrate Judge [Docket Nos. 58, 86]. The first recommends denying plaintiff's motions [Docket Nos. 40, 43] for default judgment. The second recommends dismissing this case for failure to prosecute. On September 18, 2009, plaintiff timely filed objections [Docket No. 65] to the first recommendation. The time for objections to the second recommendation has not yet come due.

  I first consider the recommendation that plaintiff's motions for default judgment be denied. As plaintiff has timely objected to the first recommendation, I review this issue *de novo*. Fed. R. Civ. P. 72(b). Plaintiff initially moved for default judgment on the ground that defendants had not responded to his complaint. However, as the magistrate judge correctly found, defendants filed a responsive motion to dismiss within the time limits set by the federal rules. In his objection, plaintiff contends that he

has not yet received his copy of this motion.  The motion's certificate of service [Docket No. 29 at 14] indicates the motion was mailed to plaintiff on the day it was filed, July 20, 2009.  Moreover, in a filing on September 1, 2009, defendants indicated that they

> contacted members of the Jail administration to coordinate efforts to ensure that Plaintiff receives his legal mail from the Office of the County Attorney.  Jail officials have agreed to provide [defendants] with computer access to Jail records of incoming and outgoing legal mail (without viewing the contents of the mail itself).  In this way, the Office of the County Attorney can ensure that the Jail is receiving the legal mail sent to the Plaintiff and is properly routing the same to Plaintiff.

[Docket No. 51 ¶ 5.]  In any event, plaintiff has filed a response to the motion to dismiss [Docket No. 68], indicating that he has now received that motion.  While the Court urges defendants to take reasonable steps to ensure plaintiff is receiving their papers in a timely manner, the Court agrees with the recommendation of the magistrate judge that default judgment is inappropriate.

On March 1, 2010, the magistrate judge entered a second recommendation [Docket No. 86] that this case be dismissed for plaintiff's failure to prosecute based upon plaintiff's failure to appear at a February 8, 2010 scheduling conference and his failure to respond to a February 22, 2010 order to show cause.  Shortly after this recommendation was entered, plaintiff's response to the show cause order was received and docketed [Docket No. 87].  In that response, plaintiff explained that he made attempts to arrive in Denver in time for the scheduling conference but was unable to do so.  He further explained that he is very sick with cancer and undergoing treatment, which contributed to his untimely response.  In the future, plaintiff should plan his travel to take into account potential delays.  However, under the circumstances, it would not be appropriate to dismiss this case in its entirety.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 58] to deny plaintiff's motions for default judgment is ACCEPTED. It is further

**ORDERED** that plaintiff's demand for default judgment [Docket No. 40] and plaintiff's motion for the entry of default judgment [Docket No. 43] are DENIED. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 86] to dismiss this case for failure to prosecute is OVERRULED. It is further

**ORDERED** that plaintiff's objection [Docket No. 53] to the magistrate judge's order [Docket No. 35] granting defendants' extension of time is DENIED. As the motion to which defendants were responding has been withdrawn by plaintiff [Docket Nos. 16, 34, 61, 64], plaintiff's objection is MOOT.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge